# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| OLIVIA GRACE JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:23-cv-00193-BCW |
| | ) | |
| FORT OSAGE R-I SCHOOL DISTRICT, | ) ) | |
| Defendant. | ) | |

**FORT OSAGE R-I SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Fort Osage R-I School District ("School District") provides the following answers and affirmative defenses to Plaintiff's Complaint:

Plaintiff improperly included allegations, assertions, and arguments in unenumerated paragraphs. Federal Rule of Civil Procedure, Rule 8, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10 requires numbered paragraphs. And Rule 12 allows the court to strike "any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's unenumerated allegations, assertions, and arguments fail to comply with these rules and warrant an order striking them. If a response is required to any unenumerated allegations, assertions, or arguments, the School District objects to them and denies them.

1. The School District admits so much of Paragraph 1 of the Complaint as alleges that Plaintiff has alleged the identified violations within Plaintiff's Complaint. Paragraph 1 contains legal conclusions to which no response is required and the School District denies them. The School District denies the remainder of Paragraph 1.

2. The School District admits that Plaintiff was a student teacher from the University of Missouri, Columbia. Paragraph 2 contains legal conclusions to which no response is required and the School District denies them. The School District denies all other allegations in Paragraph 2.

3. The School District denies the allegations in Paragraph 3. Paragraph 3 contains legal conclusions to which no response is required and the School District denies them.

4. The School District admits that Plaintiff was a student teacher of the School District from the University of Missouri, Columbia. The School District lacks knowledge or information sufficient to form a belief about the truth of, and thus denies, all other allegations in Paragraph 4.

5. The School District admits the allegations in Paragraph 5.

6. The School District admits that it had at least 15 employees. Paragraph 6 contains legal conclusions to which no response is required and the School District denies them. The School District denies all other allegations in Paragraph 6.

7. The School District admits it received federal assistance. The School District denies all remaining allegations in Paragraph 7.

8. The School District admits the Court has jurisdiction over this action.

9. The School District admits the Court has supplemental jurisdiction to enter an order dismissing Plaintiff's state-law claims for lack of subject-matter jurisdiction. The School District denies all remaining allegations in Paragraph 9.

10. The School District admits that venue is proper.

11. Paragraph 11 contains a legal conclusion. To the extent a response to the legal conclusion is required, the School District denies it.

12. The School District admits the allegations in Paragraph 12.

13. The School District admits the allegations in Paragraph 13.

14. Paragraph 14 contains only legal conclusions. To the extent a response to the legal conclusions is required, the School District denies them.

15. The School District admits Plaintiff was a music student at the University of Missouri. Paragraph 15 contains a legal conclusions. To the extent a response to the legal conclusion is required, the School District denies it. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding the material times of this action and denies this allegation. The School District denies the remaining allegations in Paragraph 15.

16. The School District admits that student teaching provides student teachers experience. The School District denies the remaining allegations in Paragraph 16.

17. The School District denies the allegations in Paragraph 17.

18. Paragraph 18 contains only legal conclusions. To the extent a response to the legal conclusions is required, the School District denies them.

19. The School District admits Plaintiff was a student teacher at Blue Hills Elementary School and Fort Osage High School. The School District denies the remaining allegations in Paragraph 19.

20. The School District admits Plaintiff was a student teacher at Blue Hills Elementary. The School District denies the remaining allegations in Paragraph 20.

21. The School District admits the allegations in Paragraph 21.

22. The School District admits the allegations in Paragraph 22.

23. The School District denies the allegations in Paragraph 23.

24. The School District denies the allegations in Paragraph 24.

25. The School District denies the allegations in Paragraph 25.

26. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and thus denies them.

27. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations about the teachers' union in Paragraph 27, and thus denies them. The School District denies remaining allegations in Paragraph 27.

28. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations about the University of Missouri in Paragraph 28, and thus denies them. The School District denies remaining allegations in Paragraph 28.

29. The School District admits the allegations of Paragraph 29.

30. The School District denies the allegations in Paragraph 30.

31. The School District states that the allegations in Paragraph 31 are too vague to permit a meaningful response. To the extent a response may be deemed required, the School District

lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, therefore, denies them.

    32. The School District denies the allegations of Paragraph 32.

    33. The School District denies the allegations of Paragraph 33.

    34. The School District denies the allegations of Paragraph 34.

    35. The School District denies the allegations of Paragraph 35.

    36. The School District lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 36, and thus denies them. The School District denies remaining allegations in Paragraph 36.

    37. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and thus denies them.

    38. The School District admits that Plaintiff conducted several pieces during the March 22, 2021 Spring Concert. The School District lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38, and thus denies them.

    39. The School District admits that Plaintiff student taught. The School District denies the remaining allegations of Paragraph 39.

    40. The School District admits that the School District Board of Education approved Plaintiff's employment as a substitute teacher on April 13, 2023. The School District lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 40, and thus denies them. The School District denies the remaining allegations of Paragraph 40.

    41. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and thus denies them.

    42. The School District denies the allegation in Paragraph 42.

    43. The School District admits that on April 15, 2021, Plaintiff met with Ms. Monica Shane. The School District denies the remaining allegations in Paragraph 43.

    44. The School District denies allegation in Paragraph 44.

45. The School District denies allegation in Paragraph 45.

46. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and thus denies them.

47. The School District denies the allegations in Paragraph 47.

48. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and thus denies them.

49. The School District denies the allegations in Paragraph 49.

50. The School District denies the allegations in Paragraph 50.

51. The School District denies the allegations in Paragraph 51.

52. The School District admits the allegations of Paragraph 52.

53. The School District lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and thus denies them.

54. The School District denies the allegations in Paragraph 54.

55. The School District admits Ms. Ammons sent an email to Plaintiff. The School District denies the remaining allegations of Paragraph 55.

56. The School District denies the allegations of Paragraph 56.

57. The School District admits that May 7, 2021 was a virtual day. The School District lacks knowledge or information sufficient to form a belief about the truth of allegations in Paragraph 57, and thus denies them. The School District denies remaining allegations in Paragraph 57.

58. The School District denies the allegations of Paragraph 58.

59. The School District states that Paragraph 59 contains only legal conclusions or opinions to which no response is required. To the extent a response may be deemed required, District denies them.

60. The School District denies the allegations of Paragraph 60.

61. The School District denies the allegations of Paragraph 61.

62. The School District admits Plaintiff was at the sound booth. The School District denies the remaining allegations of Paragraph 62.

63. The School District denies the allegations in Paragraph 63.

64. The School District denies the allegations of Paragraph 64.

65. The School District denies the allegations of Paragraph 65.

66. The School District denies the allegations of Paragraph 66.

67. The School District denies the allegations of Paragraph 67.

68. The School District admits the allegations of Paragraph 68.

69. The allegation in Paragraph 69 regarding Plaintiff's "protected class" is a legal conclusion that requires no response from the School District. To the extent a response is deemed required, the School District lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, denies the same. The School District denies that Ms. Tate-Ioanis lacks a gender. The School District denies the remaining allegations of Paragraph 69.

70. The School District denies the allegations of Paragraph 70.

71. The School District denies the allegations of Paragraph 71.

72. The School District denies the allegations of Paragraph 72.

73. The School District denies the allegations of Paragraph 73.

74. The School District denies the allegations of Paragraph 74.

75. The School District restates and incorporates by reference all of the foregoing paragraphs as though fully set out herein.

76. The School District states that Paragraph 76 contains only recitations of the law to which no response is required. To the extent a response may be deemed required, the School District denies Plaintiff's legal conclusion in Paragraph 76.

77. The School District denies the allegations in Paragraph 77.

78. The School District denies the allegations in Paragraph 78.

79. The School District denies the allegations in Paragraph 79.

80. The School District denies the allegations in Paragraph 80.

81. The School District restates and incorporates by reference all of the foregoing paragraphs as though fully set out herein.

82. The School District states that Paragraph 82 contains only recitation of the law to which no response is required. To the extent a response may be deemed required, the School District denies Plaintiff's legal conclusion in Paragraph 82.

83. The School District denies the allegations in Paragraph 83.

84. The School District denies the allegations in Paragraph 84.

85. The School District denies the allegations in Paragraph 85.

86. The School District denies the allegations in Paragraph 86.

87. The School District denies the allegations in Paragraph 87.

88. The School District restates and incorporates by reference all of the foregoing paragraphs as though fully set out herein.

89. The School District denies the allegations in Paragraph 89.

90. The School District denies the allegations in Paragraph 90.

91. The School District denies the allegations in Paragraph 91.

92. The School District denies the allegations in Paragraph 92.

93. The School District denies the allegations in Paragraph 93.

94. The School District restates and incorporates by reference all of the foregoing paragraphs as though fully set out herein.

95. The School District denies the allegations in Paragraph 95.

96. The School District denies the allegations in Paragraph 96.

97. The School District denies the allegations in Paragraph 97.

98. The School District denies the allegations in Paragraph 98.

99. The School District denies the allegations in Paragraph 99.

100. The School District denies the allegations in Paragraph 100.

101. The School District denies the allegations in Paragraph 101.

102. The School District denies the allegations in Paragraph 102.

103. The School District denies the allegations in Paragraph 103.

104. The School District restates and incorporates by reference all of the foregoing paragraphs as though fully set out herein.

105. The School District denies the allegations in Paragraph 105.

106. The School District denies the allegations in Paragraph 105.

107. The School District denies the allegations in Paragraph 107.

108. The School District denies the allegations in Paragraph 108.

109. Paragraph 109 contains only recitation of the Plaintiff's allegations and conclusions of law to which no response is required. To the extent a response may be deemed required, the School District denies the allegations in Paragraph 109.

110. Paragraph 110 contains only Plaintiff's request for relief to which no response is required. To the extent a response may be deemed required, the School District denies Paragraph 110.

### **Affirmative Defenses and Additional Matters**

The School District states the following Affirmative Defenses and facts in support. The School District incorporates its Motion to Dismiss and Memorandum in Support of its Motion to Dismiss.

1. The School District incorporates herein by reference its answers to the preceding paragraphs as if having been fully set forth herein.

2. The School District denies all allegations contained in Plaintiff's Complaint not expressly and specifically admitted.

3. The School District incorporates by reference its Motion to Dismiss and its Memorandum in Support of its Motion to Dismiss.

4. Plaintiff told students to refer to each other using the pronoun "they" regardless of the students' preferences.

5. Plaintiff has no clearly established constitutional right to require students at school to use the pronoun "they" when referring to other students regardless of the other students' preferences.

6. Plaintiff openly complained about her mentor teacher around students at events.

7. The School District hired a more qualified candidate for a music teaching position.

8. The School District hired a candidate for the elementary music teaching position whose experience and education in music and teaching exceeded Plaintiff's experience and education.

9. When the School District hired a candidate for the elementary music teaching position, Plaintiff had not yet completed her bachelor's degree, had limited teaching experience, and had no elementary teaching experience.

10. The candidate the School District hired for the elementary music teaching position had nearly seven years' experience teaching elementary music courses.

11. The candidate the School District hired for the elementary music teaching position had already attained a Master of Education in Educational Psychology and was set to complete her Doctor of Education degree the next year.

12. The School District used its judgment to hire a more experienced, more educated, and more capable candidate for the elementary music teaching position in the best interests of the School District's students, despite Plaintiff's choice of pronoun.

13. Plaintiff obtained a teaching position at another school district in the area the school years after her student teaching time with the School District.

14. Plaintiffs Complaint Counts III, IV, and V fail to state a claim upon which relief can be granted, as further discussed in the School District's Partial Motion to Dismiss and its Memorandum in Support of its Motion to Dismiss. and therefore, should be dismissed.

15. The School District did not discriminate against Plaintiff based on gender or deny any public accommodation to Plaintiff.

16. The School District took any actions regardless of Plaintiff's gender or any other protected class status.

17. If Plaintiff suffered any damages or loss, which the School District expressly denies, then those damages should be apportioned to other causes or stressors in Plaintiff's life other than any actions of the School District.

18. The School District's actions regarding Plaintiff were not clearly unreasonable.

19. The School District's conduct did not violate any clearly established constitutional right of the Plaintiff because no reasonable public official in the School District employees' circumstances would believe their actions or inactions violated any clearly established constitutional right of the Plaintiff.

20. No policy, procedure, or action of the School District or its employees violated Plaintiff's constitutional rights.

21. The School District acted in good faith and without malice in conformity and essential compliance with and in reliance on state and federal statutes, written administrative regulations, orders, rulings, approval, or interpretations of the agencies of the United States, institution policy guidelines, and guarantees of the United States and Missouri Constitutions.

22. Defendant did not take any action or make any decision with a malicious intention to deprive Plaintiff of any federal rights.

23. Plaintiff's Complaint fails to state a claim upon which relief can be granted, in that Plaintiff's claims rest solely on an allegation of *respondeat superior*.

24. The doctrine of *respondeat superior* is not applicable to the § 1983 claims asserted by Plaintiff against the School District, as further discussed in the School District's Motion to Dismiss and Memorandum in Support of its Motion to Dismiss, which is incorporated here.

25. Plaintiff has not pled facts showing that the execution of an official School District policy or custom by its lawmakers or by those whose edicts may fairly be said to represent official policy inflicted the alleged injury.

26. Plaintiff has not pled facts to establish that the District has a policy or custom that directly caused the alleged constitutional deprivation of rights.

27. No acts performed pursuant to a custom that was so widespread as to have the force of an official policy violated Plaintiff's Constitutional or statutory rights.

28. The School District made all decisions regarding Plaintiff within its duties to Plaintiff and the School District's students, which require the same decisions on the same information available in the absence of any alleged violation of any constitutional or statutory right of Plaintiff.

29. Defendant based all actions or inactions toward Plaintiff on legitimate reasons based on justified administrative and educational purposes.

30. Plaintiff's claims are barred in part by the doctrines of sovereign, governmental, official, qualified, and any other immunity by whatever name, including but not limited to immunities under the Coverdell Act and the 11th Amendment to the United States Constitution, applicable to the School District, public entities such as the School District and its Board of Education, members of the Board of Education, directors, officers, agents, employees, attorneys, servants, affiliates, insurers, self-insurers, subsidiaries, representatives, successors, and assigns.

31. No conduct by the School District warrants the imposition of punitive damages.

32. No clear and convincing evidence supports Plaintiff's request for punitive damages.

33. Punitive damages are not available for Plaintiff's claims.

34. Plaintiff's claims for punitive damages against Defendants are barred – punitive damages are unrecoverable against public entities unless a specific statutory exception states otherwise.

35. Plaintiff's claim for punitive damages against Defendant is barred by both the United States and Missouri Constitutions.

36. Plaintiff is not entitled to claim punitive damages because the Complaint alleges no facts sufficient to give rise to a claim for punitive damages.

37. Any award of punitive damages, under the circumstances here, is unconstitutional.

38. Plaintiff failed to mitigate their damages.

39. Plaintiff's claims are barred by illegality in that the First Amendment limits compelled speech and students have rights under the First Amendment.

40. An injunction or a declaratory judgment compelling teachers' and students' speech in the classroom or at school, or requiring them to use "they" as a pronoun indiscriminately, would violate the First Amendment and other laws and policies protecting speech and prohibiting discrimination and harassment based on sex, gender, or other characteristics.

41. Plaintiff's rights stop at the nose of her students, other teachers, and the School District.

42. By stating the above defenses, the School District does not thereby assume the burden of proof except to the extent applicable law requires the School District to plead and prove the defense in order to avail themselves of the defense.

43. The School District reserves the right to amend their Answer, assert additional affirmative defenses, delete or withdraw any pleaded affirmative defenses, and add such counterclaims as may become necessary after a reasonable opportunity for discovery.

## JURY TRIAL DEMAND

The School District hereby request a trial by jury on all issues so triable.

WHEREFORE, the School District respectfully requests that Plaintiff's Complaint be dismissed and Plaintiff take nothing thereon, its costs and expenses herein incurred, including reasonable attorney's and expert's fees, and such other and further relief as the Court deems just.

Respectfully submitted,

EDCOUNSEL, LLC

By: */s/ J. Drew Marriott*
J. Drew Marriott, #63059
dmarriott@edcounsel.law
Brian Mayer, #60053
bmayer@edcounsel.law
201 N. Forest Avenue, Suite 200
Independence, Missouri 64050
(816)252-9000
(816)252-9009 Fax
Attorneys for the Defendant
Fort Osage R-I the School District

**CERTIFICATE OF SERVICE**

      I certify that the foregoing was filed and served upon the below persons through the Court's electronic filing and service system, on May 22, 2023:

      Douglas M. Schreiner
      Blackridge LLC
      9500 Nall Avenue, Suite 400
      Overland Park, KS
      66207 (913) 955-3388
      (913) 955-3247 Fax
      doug@jslegalteam.com
      ATTORNEY FOR PLAINTIFF

                                                    */s/ J. Drew Marriott*
                                                    Attorney for Defendant