# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| OLIVIA GRACE JACKSON ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:23-cv-00193-BCW |
| ) | |
| FORT OSAGE R-I SCHOOL ) | |
| DISTRICT, ) | |
| Defendant. ) | |

## FORT OSAGE R-I SCHOOL DISTRICT'S PARTIAL MOTION TO DISMISS

Defendant Fort Osage R-I School District ("School District") respectfully moves for an order dismissing Counts III and IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissing Count V under Rule 12(b)(1) for lack of subject matter jurisdiction, and striking requests for declaratory relief and punitive damages under Rule 12(f).

The School District provides the following grounds in support of this Motion to Dismiss as further discussed in its Memorandum in Support, which the School District incorporates by reference.

On Counts III and IV, to state a §1983 claim against the School District, Plaintiff must allege a violation of a clearly established Constitutional right committed in the application of an official School District policy or custom. *M.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 890 (8th Cir. 2008). Here, Counts III and IV fail to state a claim upon which relief can be granted because they fail to allege any official policy or custom of the School District that allegedly violated a clearly established constitutional right of Plaintiff, requiring dismissal of Counts III and IV.

On Count V, the School District's sovereign immunity bars Plaintiff's common-law claims. *See* § 537.600, RSMo. *et seq.; Metropolitan St. Louis Sewer District v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016). Sovereign immunity is properly raised in a motion to dismiss for lack of subject-matter jurisdiction. *Hagen v. Sisseton-Wahpeton Cmty. College*, 205 F.3d 1040 (8th Cir. 2000). The party claiming jurisdiction has the burden of proving subject matter jurisdiction. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir.

2007). And a court may use materials "outside the pleadings" in determining whether a waiver of sovereign immunity establishes subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019). Here, Plaintiff's conclusory allegation that they (Plaintiff) believes that the School District "has purchased liability insurance covering the claims at issue," fails to plead the facts required to demonstrate an exception to the School District's sovereign immunity. *See A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo. App. 2016).

Moreover, this allegation is incorrect. A defendant's insurance policy with a disclaimer of a waiver of sovereign immunity maintains the defendant's sovereign immunity. *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 372 (Mo. 2016). Here, the School District's policy expressly disclaims any waiver of sovereign immunity and excludes coverage for claims barred by sovereign immunity. (See Sovereign Immunity Exclusion attached as Exhibit A to Memorandum in Support, p. 112.) This disclaimer negates subject matter jurisdiction for Plaintiff's common-law claim, requiring dismissal of Count V under Rule 12(b)(1). *See Buckler* at 1044 (on questions of jurisdiction, "if the court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards.")

On Plaintiff's requests for declaratory and injunctive relief, Plaintiff's failure to plead facts indicating the existence of a live controversy requires dismissal of Plaintiff's claim for declaratory relief or striking of Paragraphs 109-110. *Ortiz v. Ferrellgas Partners, L.P.,* 893 F.3d 1047, 1054 (8th Cir. 2018).

On Plaintiff's prayers for punitive damages, punitive damages are not available for Plaintiff's claims under Title VII, Title IX, or § 1983. Title VII expressly prohibits punitive damages against political subdivisions. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under [Title VII] against a respondent (other than a government agency or political subdivision)…."). Punitive damages are unavailable to a plaintiff asserting Title IX claims against a public school district. *See Doe v. Delles,* No. 1:20cv202 SNLJ, 2020 U.S. Dist. LEXIS 223906, at *3-4, 2020 WL 7041808 (E.D. Mo. Dec. 1, 2020) (discussing Eighth Circuit court rulings and dismissing punitive damages sought under Title IX) (citing *Cummings v. Premier*

*Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022)) (attached as Exhibit B to Memorandum in Support). And "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Therefore, punitive damages are not available for Plaintiff's claims under Title VII, Title IX, or § 1983, warranting an order striking or dismissing Plaintiff's punitive damages claims.

***

Wherefore, the School District respectfully requests an order dismissing Counts III and IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, an order dismissing Count V under Rule 12(b)(1) for lack of subject matter jurisdiction, and an order striking or dismissing Plaintiff's requests for declaratory relief, injunctive relief, and punitive damages under Rules 12(b)(6) and 12(f).

The School District respectfully requests all further relief the court deems just.

Respectfully submitted,

EDCOUNSEL, LLC

By: */s/ J. Drew Marriott*
J. Drew Marriott, #63059
dmarriott@edcounsel.law
Brian Mayer, #60053
bmayer@edcounsel.law
201 N. Forrest Avenue, Suite 200
Independence, Missouri 64050
(816)252-9000
(816)252-9009 Fax
Attorneys for the Defendant
Fort Osage R-I School District

## **CERTIFICATE OF SERVICE**

       I certify that the foregoing was filed and served upon the below persons through the Court's electronic filing and service system, on May 22, 2023:

       Douglas M. Schreiner
       Blackridge LLC
       9500 Nall Avenue, Suite 400
       Overland Park, KS
       66207 (913) 955-3388
       (913) 955-3247 Fax
       doug@jslegalteam.com
       ATTORNEY FOR PLAINTIFF

                                                   */s/ J. Drew Marriott*
                                                   Attorney for Defendant