IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| OLIVIA GRACE JACKSON )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>FORT OSAGE R-I SCHOOL )<br>DISTRICT, )<br>Defendant. ) | Case No. 4:23-cv-00193-BCW |

**MEMORANDUM IN SUPPORT OF FORT OSAGE R-I SCHOOL DISTRICT'S PARTIAL MOTION TO DISMISS**

Defendant Fort Osage R-I School District ("School District") respectfully provides the following Memorandum in Support of its motion for partial dismissal of Plaintiff's Complaint and respectfully requests an order dismissing Counts III and IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, dismissing Count V under Rule 12(b)(1) for lack of subject matter jurisdiction, and dismissing or striking requests for declaratory relief and punitive damages under Rule 12(f).

Counts III and IV fail to meet the pleading requirements for municipal liability under 42 U.S.C. § 1983 because Plaintiff has not alleged, and cannot show, a violation of a clearly established constitutional right committed in the application of an official School District policy.

Count V fails for lack of subject matter jurisdiction under the School District's sovereign immunity to Plaintiff's negligence claim.

And Plaintiff's requests for declaratory relief and punitive damages fail for lack of a justiciable controversy and because punitive damages are not available under Plaintiff's claims against the School District under Title VII, Title IX, and § 1983.

Accordingly, the School District respectfully requests an order dismissing Counts III, IV, and V, dismissing or striking Plaintiff's requests for declaratory and injunctive relief (¶¶ 109-110), and Plaintiff's prayers for punitive damages, and providing all other relief the Court deems just.

The School District provides the following Memorandum in Support.

1

## Table of Contents

Table of Authorities ................................................................................................................. 3

I. Summary ........................................................................................................................ 5

II. Standard of Review ....................................................................................................... 6

III. Analysis ......................................................................................................................... 7

   1. Counts III, IV: Failure to allege a violation of a clearly established constitutional right committed pursuant to an official policy requires dismissal of § 1983 claims. ............... 7

   2. Count V: The School District's sovereign immunity precludes jurisdiction for Plaintiff's common-law tort claim. ................................................................................... 9

   3. No justiciable controversy exists for declaratory or injunctive relief. ............................... 10

   4. Plaintiff's claims against the School District under Title VII, Title IX, and § 1983 allow no award of punitive damages. .......................................................... 11

IV. Request ........................................................................................................................ 12

# Table of Authorities

**Cases**

*A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628 (Mo. App. 2016) .................................... 9

*Already, LLC v. Nike, Inc.*, 568 U.S. 85 (2013) ................................................................ 10

*Arizonans for Official English v. Arizona*, 520 U. S. 43 (1997) ..................................... 10

*Arris Grp., Inc. v. British Telecommc'ns PLC*, 639 F.3d 1368 (Fed. Cir. 2011) ........... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 6

*Avalos v. City of Glenwood*, 382 F.3d 792 (8th Cir. 2004) .............................................. 7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 6

*Buckler v. United States*, 919 F.3d 1038 (8th Cir. 2019) .............................................. 6, 9

*Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046 (8th Cir. 2006) ................ 6

*Doe v. Curators of the Univ. of Mo.,* No. 19-cv-04229-NKL (W.D. Mo. July 21, 2022) ............ 12

*Doe v. Delles,* No. 1:20cv202 SNLJ (E.D. Mo. Dec. 1, 2020) .................................... 5, 12

*Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184 (8th Cir. 2019) .............................. 7

*Epps v. City of Pine Lawn*, 353 F.3d 588 (8th Cir. 2003) ................................................. 9

*Garcetti v. Ceballos*, 547 U.S. 410, 413 (2006) .................................................................. 7

*Hagen v. Sisseton-Wahpeton Cmty. College*, 205 F.3d 1040 (8th Cir. 2000) ................ 9

*Herden v. United States*, 726 F.3d 1042 (8th Cir. 2013) .................................................. 6

*Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853 (8th Cir. 2010) ............ 6

*Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026 (8th Cir. 2007) .............................................. 7

*Lustgraaf v. Behrens*, 619 F.3d 867 (8th Cir. 2010) .......................................................... 6

*Lyons v. Vaught*, 875 F.3d 1168 (8th Cir. 2017) ................................................................ 7

*M.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885 (8th Cir. 2008) .................................... 5, 7

*McMillian v. Monroe County*, 520 U.S. 781 (1997) .......................................................... 7

*Metropolitan St. Louis Sewer District v. City of Bellefontaine Neighbors*,
    476 S.W.3d 913 (Mo. 2016) .......................................................................................... 5, 9

*Monell v. Dept. of Soc. Serv.*, 436 U.S. 658 (1978) ................................................................ 7

*OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342 (8th Cir. 2007) ............................................ 9

*Ortiz v. Ferrellgas Partners, L.P.,* 893 F.3d 1047 (8th Cir. 2018) ................................................ 10

*Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773 (8th Cir. 2001) ......................................................... 7

*State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368(Mo. 2016) .......................................... 9

*United States Water Servs. v. Chemtreat, Inc.*, 794 F.3d 966 (8th Cir. 2015) .............................. 10

*Webb v. Reisel*, 858 S.W.2d 767 (Mo. App. 1993) ..................................................................... 11

**Statutes**

§ 537.600, RSMo. ........................................................................................................................ 6

42 U.S.C. § 1981a ................................................................................................................. 6, 12

# I. Summary

Counts III and IV fail to state a claim upon which relief can be granted. To state a claim against the School District under §1983, Plaintiff must allege a violation of a clearly established Constitutional right committed in the application of an official School District policy or custom. *M.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 890 (8th Cir. 2008). Plaintiff's failure to allege any official policy or custom of the School District that allegedly violated a clearly established Constitutional right of theirs requires dismissal of Counts III and IV under Rule 12(b)(6).

Count V fails for lack of jurisdiction because the School District's sovereign immunity bars Plaintiff's tort claims. *See* § 537.600, RSMo. *et seq.; Metropolitan St. Louis Sewer District v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016). Plaintiff's allegation that they believe that the School District "has purchased liability insurance covering the claims at issue," fails to plead the facts required to demonstrate an exception to the School District's sovereign immunity. (Complaint, ¶ 108). *See A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo. App. 2016). As such, The School District's sovereign immunity requires dismissal of Count V.

Plaintiff's failure to plead facts indicating the existence of a live controversy requires dismissal of Plaintiff's claim for declaratory relief or striking of Paragraphs 109-110. *Ortiz v. Ferrellgas Partners, L.P.,* 893 F.3d 1047, 1054 (8th Cir. 2018).

Punitive damages are not available for Plaintiff's claims under Title VII, Title IX, or § 1983. Title VII expressly prohibits punitive damages against political subdivisions. 42 U.S.C. § 1981a(b)(1). Punitive damages are unavailable to a plaintiff asserting Title IX claims against a public school district. *See Doe v. Delles,* No. 1:20cv202 SNLJ, 2020 U.S. Dist. LEXIS 223906, at *3-4, 2020 WL 7041808 (E.D. Mo. Dec. 1, 2020) (discussing Eighth Circuit court rulings and dismissing punitive damages sought under Title IX). And "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981).

For these reasons, the School District respectfully requests an order dismissing Counts III, IV, and V and dismissing or striking Plaintiff's requests for declaratory relief, injunctive relief, and punitive damages.

## II. Standard of Review

To survive a Rule 12(b)(1) motion to dismiss, Plaintiff must prove the existence of subject matter jurisdiction. "In every federal case, the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The plaintiff bears "the burden of proving the existence of subject matter jurisdiction," and a court may look at materials "outside the pleadings" in determining whether a waiver of sovereign immunity establishes subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citing *Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013) (*en banc*)) (finding no waiver of sovereign immunity and affirming dismissal for lack of subject matter jurisdiction).

To survive a Rule 12(b)(6) motion to dismiss, a count must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleading requirements are not satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation." *Id.* Neither "a formulaic recitation of the elements of a cause of action" nor "'naked assertion[s]' devoid of 'further factual enhancement'" is sufficient to withstand dismissal. *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original). The Court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and must grant all reasonable inferences in favor of the nonmoving party, *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). However, allegations that are merely conclusory are "not entitled to be assumed true." *Iqbal* at 679.

Under Rule 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (affirming a district court's grant of a motion to strike the plaintiff's prayer for punitive damages).

## III. Analysis

1. **Counts III, IV: Failure to allege a violation of a clearly established constitutional right committed pursuant to an official policy requires dismissal of § 1983 claims.**

For a public school district to be found liable under § 1983, "'there must first be a violation of the plaintiff's constitutional rights.'" *Avalos v. City of Glenwood*, 382 F.3d 792, 802 (8th Cir. 2004) (citing *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001). Further, "a plaintiff must show that a constitutional violation was committed pursuant to an official 'policy or custom' and that such 'policy or custom' was the moving force behind plaintiff's injury." *M.Y. v. Special Sch. Dist. No. 1*, 544 F.3d 885, 890 (8th Cir. 2008) (citing *Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 694 (1978)).

A public school district cannot be held liable under § 1983 on a *respondeat superior* theory based on alleged acts of its employees. *Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1189 (8th Cir. 2019) (citing *Monell*, 436 U.S. at 694). Failure to allege unconstitutional policies of a school district or widespread unconstitutional practice which may constitute a "custom or usage with the force of law" requires dismissal of § 1983 claims. *Lee v. Pine Bluff Sch. Dist.*, 472 F.3d 1026, 1030 (8th Cir. 2007) (citing *McMillian v. Monroe County*, 520 U.S. 781 (1997)).

"When public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes…." *Garcetti v. Ceballos*, 547 U.S. 410, 413, (2006); *see also Lyons v. Vaught*, 875 F.3d 1168, 1173 (8th Cir. 2017) (holding that a public school lecturer could not establish speech related to his duties as a lecturer was protected under clearly established First Amendment law).

Here, Plaintiff alleged they made statements to their students pursuant to their duties as a student teacher. They allege that they told their class they use she/her/they/them pronouns (¶ 31), and that they (Plaintiff) used gender-neutral pronouns for students during their assignment with the School District (¶ 49). These allegations fail to allege speech that is protected under clearly established First Amendment law. *Garcetti* at 413; *Lyons* at 1173.

7

In addition to Plaintiff's failure to allege speech that is protected under clearly established First Amendment law, Plaintiff also failed to alleged facts to establish that any official School District policy or widespread custom is unconstitutional. *M.Y.* at 890. Plaintiff alleges that the School District had ***no*** written policy about the use of a teacher's or students preferred pronouns which violated any of Plaintiff's clearly established or alleged constitutional rights.[1] (Complaint, ¶¶ 59, 96). This allegation negates the facts Plaintiff must plead to establish a claim for municipal liability under § 1983.

Moreover, Plaintiff's reliance on *respondeat superior* fails to save their § 1983 claims from dismissal. *Doe v. Fort Zumwalt R-II Sch. Dist*. at 1189. Plaintiff alleges that their mentor, Ms. Ammons, said it was unnecessary to introduce themself as non-binary (¶ 32), allegedly "refused to acknowledge their non-binary identity" (¶ 35), allegedly stopped inviting Plaintiff to lunch (¶ 51), and allegedly made various choices about Plaintiff's student teaching assignment. Plaintiff alleges that these alleged statements or actions, or possibly other actions or statements by other employees, punished Plaintiff for using preferred pronouns. (Complaint, ¶¶ 89–90). Plaintiff does not further clarify the "punishment" to which they are referring. However, Plaintiff cannot allege that a School District policy was the moving force behind any alleged punishment for using preferred pronouns because Plaintiff alleges that the School District ***had no policy*** about the use of a teacher's or students preferred pronouns. And a public school district cannot be held vicariously liable under § 1983 on a *respondeat superior* theory for alleged acts of its employees. *Doe v. Fort Zumwalt R-II Sch. Dist*. at 1189.

Plaintiff's failure to allege facts that could establish municipal liability under § 1983 and Plaintiff's reliance, instead, on a *respondeat superior* theory to state a claim against the School District under § 1983 requires dismissal of Counts III and IV.

---

[1] Of note, the School District's written policies prohibit "any unlawful discrimination or harassment against any person because of race, color, religion, disability, age, sex, gender, national origin, or any other characteristic protected by law" in "admission, recruiting, hiring, employment, retention, promotion, contracted services, and access to programs, services, activities, and facilities." Fort Osage R-1 School District, Board Policy C-130-P.

## 2. Count V: The School District's sovereign immunity precludes jurisdiction for Plaintiff's common-law tort claim.

Plaintiff's common-law claim fails for lack of jurisdiction under the School District's sovereign immunity. Sovereign immunity is properly raised in a motion to dismiss for lack of subject-matter jurisdiction. *Hagen v. Sisseton-Wahpeton Cmty. College*, 205 F.3d 1040 (8th Cir. 2000). The party claiming jurisdiction has the burden of proving subject matter jurisdiction. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). A court may use materials "outside the pleadings" in determining whether a waiver of sovereign immunity establishes subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

In the State of Missouri, sovereign immunity is the long-standing common law rule that State entities, including public school districts, are not subject to tort liability without their consent. *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. 2016). Sovereign immunity is the default rule in the state of Missouri. *Epps v. City of Pine Lawn*, 353 F.3d 588, 593–94 (8th Cir. 2003). Thus a plaintiff must specifically plead facts demonstrating that their claim is within an explicit exception to sovereign immunity. *Id.*

To demonstrate that a claim is within the insurance exception to sovereign immunity, a plaintiff must specifically plead facts showing both that the alleged policy exists and that it covers the claim. *Id.* at 594. A conclusory allegation that a school district waived sovereign immunity by purchasing insurance fails to allege an exception to the School District's sovereign immunity under Missouri law. *See A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 633 (Mo. App. 2016).

Here, Plaintiff alleges "[u]pon information and belief, Defendant has purchased liability insurance coverage covering the claims at issue." (Complaint, ¶ 108). This conclusory allegation fails to prevent dismissal because it fails to plead facts showing that the alleged policy covers the claims asserted, or that the alleged policy waives the School District's sovereign immunity. Further, and importantly, sovereign immunity is not waived by a policy that disclaims a waiver of sovereign immunity and excludes coverage for claims barred by sovereign immunity. *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 372 (Mo. 2016). And here, the School District's

policy expressly disclaims a waiver of sovereign immunity and excludes coverage for claims barred by sovereign immunity. See Sovereign Immunity Exclusion attached as Exhibit A, p. 112. (disclaiming "any Claim barred by the doctrines of sovereign immunity or official immunity" and stating that "nothing in this Plan Document shall constitute any waiver of whatever kind of the defense of sovereign immunity[.]")

Accordingly, the School District respectfully requests an order of dismissal of Count V for lack of jurisdiction under Rule 12(b)(1) based on the School District's sovereign immunity.

### 3. No justiciable controversy exists for declaratory or injunctive relief.

In addition to requesting dismissal of Counts III, IV, and V of Plaintiff's Complaint, the School District also requests an order striking Plaintiff's requests for declaratory and injunctive relief (¶¶ 109, 110) for failure to identify a justiciable controversy as required for this relief.

"Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "An Article III case or controversy exists when 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *United States Water Servs. v. Chemtreat, Inc.*, 794 F.3d 966, 973 (8th Cir. 2015) (citation omitted). Courts "have repeatedly held that an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC*, 568 U.S. at 91 (citations omitted). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U. S. 43, 67 (1997) (citation omitted). And "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects," nor "a sufficient likelihood that [the plaintiff] will again be wronged in a similar way[.]" *Ortiz v. Ferrellgas Partners, L.P.,* 893 F.3d 1047, 1054 (8th Cir. 2018) (citations omitted).

Here, Plaintiff has claimed no specific existing controversy which could be addressed by the declaratory or injunctive relief requested. In particular, Plaintiff requests "a declaration that Defendant's actions, policies, and practices, as alleged herein, are unlawful." (Complaint, Prayer for Relief, ¶ 1). However, Plaintiff fails to allege or explain how any actions, policies, or practices by the School District continue to be imposed against them.

Similarly, Plaintiff requests "an order enjoining Defendant from engaging in the unlawful acts complained of herein[.]" (Complaint, Prayer for Relief, ¶ 6). But, again, Plaintiff fails to allege or explain how any actions, policies, or practices by the School District continue to be imposed against them with or without an injunction. Rather, Plaintiff's allegations occurred and concluded more than two years ago. (¶ 74.)

As such, Plaintiff failed to presented an ongoing, justiciable controversy that would entitle them to either declaratory or injunctive relief. Plaintiff's request for a declaratory judgment identifies no actual, ongoing controversy required for declaratory relief, and the declaratory relief sought is too vague to identify whether it could address any actual, ongoing controversy between Plaintiff and the School District.

Accordingly, the School District respectfully requests an order striking Paragraphs 109 and 110 and otherwise striking or dismissing Plaintiff's claim for declaratory or injunctive relief.

4. **Plaintiff's claims against the School District under Title VII, Title IX, and § 1983 allow no award of punitive damages.**

The School District requests an order striking Plaintiff's prayer for punitive damages because the claims in Counts I, II, III, and IV provide no grounds for an award of punitive damages.

First, Title VII expressly prohibits punitive damages against governmental agencies. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under [Title VII] against a respondent (other than a government agency or political subdivision)….") Missouri public school districts are state government entities. *Webb v. Reisel*, 858 S.W.2d 767, 769 (Mo. App. 1993)). Because the School District is a Missouri public school district and a state government entity, Title VII prohibits Plaintiff's punitive damages claim in Count I.

Second, punitive damages are not available to Plaintiff under Title IX. *See Doe v. Delles,* No. 1:20cv202 SNLJ, 2020 U.S. Dist. LEXIS 223906, at *3-4, 2020 WL 7041808 (E.D. Mo. Dec. 1, 2020) (discussing Eighth Circuit court rulings and dismissing punitive damages sought under Title IX) (attached as Exhibit B). *Doe v. Curators of the Univ. of Mo.,* No. 19-cv-04229-NKL, 2022 U.S. Dist. LEXIS 129373, at *3, 2022 WL 2881396, (W.D. Mo. July 21, 2022) (holding, that punitive damages were not available to a plaintiff raising a Title IX claim against the Curators of the University of Missouri in accordance with the Supreme Court's holding in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562 (2022)) (attached as Exhibit C). Likewise, punitive damages are not available under Plaintiff's Title IX claim against the School District here.

Last, political subdivisions are immune from punitive damages under 42 U.S.C. § 1983. *Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Because the School District is a political subdivision, the School District is immune from punitive damages under 42 U.S.C. § 1983, requiring striking Plaintiff's requests for punitive damages from Counts II, III, and IV.

Accordingly, the School District respectfully requests an order striking Plaintiff's prayers for punitive damages under Title VII, Title IX, and § 1983 in Counts I, II, III, and IV.

### IV. Request

The School District respectfully requests an order dismissing Counts III, IV, and IV, and striking or dismissing Plaintiff's requests for requests for declaratory and injunctive relief, and punitive damages. Counts III and IV fail to meet the pleading requirements for municipal liability under 42 U.S.C. § 1983 because a public school district cannot be held liable under § 1983 on a *respondeat superior* theory and Plaintiff has not alleged, and cannot show, violation of a clearly established constitutional right committed in the application of an official School District policy. Count V fails for lack of subject matter jurisdiction under the School District's sovereign immunity to Plaintiff's negligence claim. Plaintiff's requests for declaratory relief and punitive damages fail for lack of a justiciable controversy. And Punitive damages are not available under Plaintiff's claims against the School District under Title VII, Title IX, and § 1983.

Wherefore, the School District respectfully requests an order dismissing Counts III and IV under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, an order dismissing Count V under Rule 12(b)(1) for lack of subject matter jurisdiction, and an order striking or dismissing Plaintiff's requests for declaratory relief, injunctive relief, and punitive damages under Rules 12(b)(6) and 12(f).

The School District respectfully requests all further relief the court deems just.

Respectfully submitted,

EDCOUNSEL, LLC

By: */s/ J. Drew Marriott*
    J. Drew Marriott, #63059
    dmarriott@edcounsel.law
    Brian Mayer, #60053
    bmayer@edcounsel.law
    201 N. Forrest Avenue, Suite 200
    Independence, Missouri 64050
    (816)252-9000
    (816)252-9009 Fax
    Attorneys for the Defendant
    Fort Osage R-I School District

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed and served upon the below persons through the Court's electronic filing and service system, on May 22, 2023:

    Douglas M. Schreiner
    Blackridge LLC
    9500 Nall Avenue, Suite 400
    Overland Park, KS
    66207 (913) 955-3388
    (913) 955-3247 Fax
    doug@jslegalteam.com
    ATTORNEY FOR PLAINTIFF

*/s/ J. Drew Marriott*
Attorney for Defendant
