No *Shepard's* Signal™
As of: May 22, 2023 2:07 PM Z

# Doe v. Delles

United States District Court for the Eastern District of Missouri, Southeastern Division

December 1, 2020, Decided; December 1, 2020, Filed

Case No. 1:20cv202 SNLJ

**Reporter**

2020 U.S. Dist. LEXIS 223906 *; 2020 WL 7041808

JANE DOE AR, Plaintiff, v. ANDREW DELLES, et al., Defendants.

**Counsel:** [*1] For Jane Doe, AR, Plaintiff: Grant C. Boyd, LEAD ATTORNEY, O'BRIEN LAW FIRM, St. Louis, MO; William K. Meehan, LEAD ATTORNEY, University City, MO.

For Sikeston R-6 School District, Defendant: Natalie A. Hoernschemeyer, LEAD ATTORNEY, Brittany LeAnn Newell, MICKES OTOOLE LLC, St. Louis, MO.

For Andrew Delles, Defendant: Matthew H. Noce, LEAD ATTORNEY, HEPLER BROOM LLC - St Louis, St. Louis, MO.

**Judges:** STEPHEN N. LIMBAUGH, JR., SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** STEPHEN N. LIMBAUGH, JR.

**Opinion**

## MEMORANDUM AND ORDER

Plaintiff Jane Doe AR brought this lawsuit against defendants Sikeston R-6 School District and various individuals in the Circuit Court for Mississippi County, Missouri. Defendants removed the case to this Court citing federal question jurisdiction. Defendants School District and Andrew Delles have moved to dismiss [#8, #11]. Plaintiff has not responded, and the time for doing so has passed.

### I. Defendant Delles's Motion to Dismiss

Defendant Delles's motion pertains to the Amended Complaint and is directed at Count II. The Amended Complaint was filed September 9, 2020. Plaintiff filed a Second Amended Complaint on September 18, 2020. Defendant Delles's motion to dismiss was filed on September 21, [*2] 2020, just before this matter was removed on September 23. Because the Amended Complaint

was superseded by the Second Amended Complaint, the motion to dismiss must be denied as moot.

## II. Defendant District's Partial Motion to Dismiss

Defendant Sikeston R-6 School District filed a partial motion to dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant District asserts that aspects of the two counts against the district for violation of Title IX and violation of 42 U.S.C. § 1983 are not legally cognizable and must be dismissed. Plaintiff did not respond to the motion.

### A. Punitive Damages

Plaintiff alleges that defendant Delles was her teacher at Sikeston Junior High School. She alleges that during the 2011-2012 academic year, defendant Delles sexually harassed, sexually discriminated against, and sexually assaulted plaintiff. Plaintiff alleges that the defendant employed Delles at the junior high for five years and that Delles had a history of inappropriate and illegal behavior with female students.

The Federal Rules of Civil Procedure provide for when this Court may dismiss a case. A Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those [*3] actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

Plaintiff's Count IV is against the defendant District for violation of Title IX. The District seeks dismissal of that Count's punitive damages claim. Title IX prohibits the discrimination or harassment of education program participants on the basis of sex. 20 U.S.C. § 1681(a). The law has been described by the Supreme Court as "contractual" in nature: "When Congress acts pursuant to its spending power, it generates legislation much in the nature of a contract: in return for federal funds, the States agree to comply with federally imposed conditions." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 640, 119 S. Ct. 1661, 143 L. Ed. 2d 839 (1999) (internal quotation omitted). However, the law "contains no express remedies." *Barnes v. Gorman*, 536 U.S. 181, 187, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002). It is well-established that "[c]ompensatory damages are available in Title IX suits against any public or private entity other than a state." *Fryberger v. Univ. of Arkansas*, 889 F.3d 471, 475 (8th Cir. 2018). Although the Eighth Circuit recently declined to address whether punitive damages are available under Title IX, [*4] *id.* at 477, it appears that other courts in this Circuit have held punitive damages are unavailable. *See, e.g., Morlock v. W. Cent. Educ. Dist.*, 46 F.Supp.2d 892, 893 (D. Minn. 1999)

(finding punitive damages are not applicable against government entities under Title IX); *Schultzen v. Woodbury Cent. Cmty. Sch. Dist.*, 187 F.Supp.2d 1099, 1128 (N.D. Iowa 2002) (holding that punitive damages are unavailable against local governmental entities under Title IX); *Doe v. Omaha Pub. Sch. Dist.*, No. 8:04CV295, 2005 U.S. Dist. LEXIS 51027, 2005 WL 2347284 (D. Neb. Sept. 26, 2005) (finding there is no punitive damages claim against a school district under Title IX).

The punitive damages claim will be dismissed.

Next, the District argues that the punitive claim should be dismissed from plaintiff's Count V, which brings a claim for violation of rights under 42 U.S.C. § 1983. Punitive damages are not awarded for § 1983 claims against government entities. *City of Newportt v. Fact Concerts, Inc.*, 453 U.S 247, 266-67 (1981). The punitive damages claim will thus be dismissed from Count V.

### B. State-Created Danger Claim

Count V brings a state-created danger claim against all defendants, including the District. However, "school districts are not susceptible to this state-created danger theory of § 1983 liability." *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 781 (8th Cir. 2001). That is "because there is no constitutional duty of care for school districts, as 'state-mandated school attendance does not entail so restrictive a custodial relationship as to impose a duty upon the state.'" *Id.* (quoting [*5] *Dorothy J. v. Little Rock Sch. Dist.*, 7 F.3d 729, 732 (8th Cir.1993)). Again, plaintiff does not respond to the motion to dismiss at all, and Count V will be dismissed as to defendant District.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Delles's motion to dismiss [#8] is DENIED.

**IT IS FURTHER ORDERED** that defendant District's partial motion to dismiss (#11) is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff's request for punitive damages against the District under Title IX (Count IV) is DISMISSED, and Count V is DISMISSED as to the defendant District.

Dated this 1st day of December, 2020.

/s/ Stephen N. Limbaugh, Jr.

STEPHEN N. LIMBAUGH, JR.

SENIOR UNITED STATES DISTRICT JUDGE

**End of Document**