IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OLIVIA GRACE JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-00193-BCW |
| ) | |
| FORT OSAGE R-1 SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's motion to dismiss Counts III, IV, and V of the complaint ("motion to dismiss") (Doc. #7). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

Plaintiff Olivia Grace Jackson ("Plaintiff") was a student-teacher at Defendant Fort Osage R-1 School District ("Fort Osage"). (Doc. #1). For the first half of the spring semester of 2021, Plaintiff was assigned to student teach vocal music at Blue Hills Elementary School ("Blue Hills") and was supervised by Nathan Gearke ("Gearke"). Plaintiff performed their duties well and received only positive feedback during this assignment.

After the completion of Plaintiff's assignment at Blue Hills, Gearke informed Plaintiff that he was leaving his teaching position and encouraged Plaintiff to apply for the upcoming vacancy. Accordingly, Monica Shane ("Shane"), the principal at Blue Hills, interviewed Plaintiff and indicated she wanted to hire them for the position. Thus, in preparation for the full time position, Gearke directed Plaintiff to apply to substitute teach at Blue Hills so they could fill in for him during the last two weeks of class. Plaintiff's employment as a substitute teacher was subsequently approved by Fort Osage.

1

For the second half of that semester, Plaintiff was assigned to student teach vocal music at Fort Osage High School. When introducing themselves to students and staff at Fort Osage High School, Plaintiff, who is non-binary[1], used gender neutral pronouns. During their tenure student-teaching, Plaintiff was approached by several students, who also identify as non-binary. These students requested to be referred to using gender neutral pronouns and Plaintiff honored those requests. In response to their use of gender neutral pronouns either in reference to themselves or other non-binary students, Plaintiff alleges they were: (1) removed from all student teaching and conducting assignments, including their capstone assignment, (2) Fort Osage rejected Plaintiff's full time employment at Blue Hills, and (3) and Plaintiff's previously scheduled substitute teaching assignment was canceled. Plaintiff argues the above-mentioned conduct amounts to unlawful discrimination against them based on their gender identity and a violation of their First Amendment right to Freedom of Speech.

Accordingly, on March 21, 2023, Plaintiff filed a five-count complaint against Fort Osage. (Doc. #1). Plaintiff's specific claims are as follows: Count I, Sex-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a); Count II, Sex-Based Discrimination in Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); Count III, Violation of First Amendment Right to Freedom of Speech Retaliation 42 U.S.C. § 1983; Count IV, Violation of First Amendment Right to Freedom of Speech Content & Viewpoint Discrimination 42 U.S.C. § 1983; and Count V, Negligent Infliction of Emotional Distress.

On May 22, 2023, Fort Osage filed the instant motion arguing for dismissal of Counts III and IV under Fed. R. Civ. P. 12(b)(6) and Count V under Fed. R. Civ. P. 12(b)(1). (Doc. #7).

---

[1] A non-binary person is someone who does not identify as exclusively a man or woman.

Further, Fort Osage argues the Court should enter an Order dismissing and/or striking Plaintiff's claims for declaratory relief, injunctive relief, and punitive damages under Fed. R. Civ. P. 12(f).

On June 5, 2023, Plaintiff filed an opposition arguing the Court should not dismiss Counts III and IV. (Doc. #10). However, in a footnote, Plaintiff notes they no longer intend to pursue Count V or any claims for injunctive relief, declaratory, relief, or punitive damages.

Accordingly, the instant motion is granted as to dismissal of Count V and Plaintiff's claims for declaratory relief, injunctive relief, and punitive damages are stricken from the complaint (Doc. #1). Consequently, the dispositive issue before the Court is whether Counts III and IV state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal based on a plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Kelly v. City of Omaha, 813 F.3d 1070, 1075 (8th Cir. 2016) (citations omitted). "A claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Id. (quoting Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## ANALYSIS

Counts III and IV allege violations of 42 U.S.C. § 1983 based on the First Amendment right to Freedom of Speech. (Doc. #1). Because Fort Osage is a school district, Counts III and IV

3

are claims seeking to impose municipal liability for alleged constitutional violations. See Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649 (8th Cir. 1998).

However, Fort Osage argues that Counts III and IV should be dismissed because the counts are legally insufficient as pled. Specifically, Fort Osage emphasizes to proceed on these types of municipal liability claims, Plaintiff must allege a violation of a clearly established constitutional right committed pursuant to an official policy or custom. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 659 (1978). However, Fort Osage argues Plaintiff has not pled facts that satisfy this standard. As to demonstrating a constitutional violation, Fort Osage argues Plaintiff has not established that a public school teacher's use of gender neutral pronouns represents protected speech under the First Amendment. As to the "official policy or custom" aspect of their claim, Fort Osage asserts Plaintiff cannot demonstrate that it has *any* official policy or widespread custom regarding the use of gender neutral pronouns. Fort Osage therefore argues that, as to Counts III and IV, Plaintiff has failed to state a claim upon which relief can be granted.

In opposition, Plaintiff argues a public school teacher's use of gender neutral pronouns is protected speech under the First Amendment such that they have sufficiently pled a constitutional violation. (Doc. #10). Further, Plaintiff argues they need not show the existence of a *written* policy or widespread custom to proceed on Counts III and IV. Rather, because Fort Osage, itself, rejected Plaintiff's employment and canceled their substitute teaching assignment when it learned of their use of gender neutral pronouns, municipal liability attaches under § 1983.

Section 1983 governs a party's right to maintain a civil action against a school district due to a deprivation of constitutional rights. Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001). The party seeking to assert such a claim based on "the unconstitutional acts of [the school district's] employees[,]" must allege a "constitutional deprivation result[ing] from . . .

4

implementation or execution of an unconstitutional policy or custom by school officials or employees[.]" Id. at 778; Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing Monell, 436 U.S. at 694 (holding the "municipal policy or custom" at issue must be the "moving force [behind] the constitutional violation.")). Failure to allege an unconstitutional policy or custom as promulgated by the school district requires dismissal of the claim, because, under § 1983, a school district cannot be held vicariously liable for the acts of its employees. Lee v. Pine Bluff Sch. Dist., 472 F.3d 1026, 1029-30 (8th Cir. 2007).

However, § 1983 "is not itself a source of substantive rights, but . . . provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (citations omitted). Therefore, a party seeking to assert a claim under § 1983 must first "identify the specific constitutional right allegedly infringed." Id.

The Court finds Counts III and IV fail to state a claim upon which relief can be granted. First, it remains unclear whether a public school employee utilizing gender neutral pronouns is engaging in protected speech under the First Amendment. Lyons v. Vaught, 875 F.3d 1168, 1172 (8th Cir. 2017) ("[F]or a right to be clearly established, existing precedent must have placed the . . . constitutional question beyond debate.") (citations omitted). Neither the Supreme Court nor the Eighth Circuit have considered the issue. Thus, even construing all reasonable inferences in favor of Plaintiff, it cannot be said that Plaintiff has conclusively alleged a violation of a constitutional right for § 1983 purposes. Mineta, 410 F.3d at 1039; Albright, 510 U.S. at 271.

Even assuming Plaintiff had sufficiently pled a constitutional violation, they have not shown the violation occurred pursuant to an official policy or custom established by Fort Osage. Kluck, 249 F.3d at 778.

"The identification of an official policy as a basis upon which to impose liability ensures that" a school district "is held liable only for constitutional deprivations" enacted by those officials whose acts can be imputed directly to the school district, itself. Springdale, 133 F.3d at 651. Likewise, "a widespread custom or practice that caused the plaintiff's injury" may also subject a school district to municipal liability "on the theory that the relevant practice is so widespread as to have the force of law." Id.

Plaintiff does not allege Fort Osage had any widespread practice, custom, or official written policy regarding the use of gender neutral pronouns. (Doc. #1 at ¶ 59 & ¶ 96). Indeed, Plaintiff uses the lack of an official policy governing the use of gender neutral pronouns to strengthen their argument that the conduct complained of was discriminatory. (Doc. #1 at ¶ 59) ("Fort Osage R-1 School District Policies contain no rules – and, correspondingly, no prohibitions – concerning the use of a teacher or student's preferred pronouns . . . Schartz was attempting to enforce policies that did not exist."). Instead, citing Pembaur v. City of Cincinnati, Plaintiff argues that municipal liability can attach based on a single act in certain circumstances. 475 U.S. 469, 483 (1986). Plaintiff therefore argues Fort Osage's rejection of their full time employment and cancellation of their substitute teaching assignment based on their use of gender neutral pronouns represents such a circumstance. However, the Court finds this argument unpersuasive.

The plaintiff in Pembaur sued several parties, including Hamilton County (the "County"), under § 1983 alleging violations of the Fourth and Fourteenth Amendments. 475 U.S. at 469. Specifically, the plaintiff sought to hold the County liable for the unconstitutional actions of the Deputy Sheriffs who, at the direction of the County Prosecutor (the "Prosecutor") and without a search warrant, forcibly entered the plaintiff's clinic to arrest two of his employees. Id. However, both the district court and Sixth Circuit Court of Appeals dismissed the plaintiff's § 1983 claim

against the County stating the plaintiff had not shown that the "single, discrete decision" to forcibly enter his clinic was the County's official policy such that municipal liability attached on this basis. Id. at 476.

The Supreme Court disagreed, and through Pembaur, further clarified the "official policy" requirement articulated in Monell. Id. at 480. The Supreme Court explained that "official policy" typically "refers to formal rules or understandings—often but not always committed to writing . . . [however,] municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." Id. Further, the Supreme Court emphasized:

> [t]he 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.

Id. at 479 (emphasis in original). So, notwithstanding that a single act may satisfy the "official policy" requirement, "municipal liability is limited to acts that are, properly speaking, acts 'of the municipality'—that is, acts which the municipality has officially sanctioned or ordered." Id. at 480. And, even where the municipality has officially sanctioned or ordered the act at issue, "municipal liability under § 1983 attaches where—and only where—" the moving party can show a "deliberate choice to follow a course of action" that resulted in a deprivation of constitutional rights. Id. at 483; City of Okla. City v. Tuttle, 471 U.S. 808, 823 (1985) ("[T]he word 'policy' generally implies a course of action consciously chosen from among various alternatives.").

Applying this rational, the Supreme Court found the Deputy Sheriffs' act of forcibly entering the plaintiff's clinic—without a search warrant and at the direction of the Prosecutor— was a single decision warranting the attachment of municipal liability. Pembaur, 475 U.S. at 483. This decision rested on the fact that: (1) the County Prosecutor had the ability to establish policy for the County in certain circumstances and (2) his decision to direct the Deputy Sheriffs to

7

"forcibly enter [the plaintiff's] clinic . . . directly caused the violation of [the plaintiff's] Fourth Amendment Rights." Id.

Yet, the instant action is distinguishable from Pembaur. In the complaint, Plaintiff highlights various instances of interactions with Fort Osage staff that demonstrate discriminatory behavior based on Plaintiff's use of gender neutral pronouns. Specifically, Plaintiff emphasizes their interactions with Julie Ammons ("Ammons"), the vocal music teacher at Blue Hills, and Ryan Schartz ("Schartz"), Fort Osage's Activities Director. During Plaintiff's tenure student-teaching, both Ammons and Schartz communicated to Plaintiff that their use of gender neutral pronouns—either in reference to other students or themselves—is uncomfortable and/or inappropriate. (Doc. #1 at ¶ 32, ¶ 53, & ¶ 58). Plaintiff also details the breakdown in their relationship with Ammons because of their use of gender neutral pronouns, and highlights examples of retaliation perpetrated by either Ammons or Schwartz including: (1) that Plaintiff was removed from all classroom teaching duties; (2) that Plaintiff was not allowed to interact with students in any teaching or conducting capacity; and (3) that Plaintiff was not allowed to conduct their capstone project as previously planned. (Doc. #1 at ¶ 55, ¶ 60, ¶ 61, & ¶ 64).

But importantly, Plaintiff does not allege that either Ammons or Schartz have any final authority to establish policy for Fort Osage, like the Prosecutor in Pembaur. Id. at 481 ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered."). Nor can Fort Osage be held vicariously liable for the acts of Ammons and Schartz. Pembaur, 475 U.S. at 479 (section "1983 [cannot] be interpreted to incorporate doctrines of vicarious liability."); Doe v. Fort Zumwalt R-II Sch. Dist., 920 F.3d 1184, 1189 (8th Cir. 2019) (under § 1983 "a municipality like [a school] [d]istrict cannot be held liable on a respondeat superior theory, that is, solely because it employs a tortfeasor."). And finally,

8

Plaintiff's ratification argument as to Ammons and Schartz is unpersuasive. Soltesz v. Rushmore Plaza Civic Ctr., 847 F.3d 941, 947 (8th Cir. 2017) (a school district may be subject to municipal liability if it "ratifies the decision of a subordinate when he or she takes an affirmative act to approve both the decision and the basis for the decision"). In this respect, Plaintiff would need to plead facts indicating Fort Osage was aware "of the alleged constitutional violation" and "specifically approved of" Ammon and Schartz's conduct. Id. But the only link between the conduct complained of and Fort Osage is Schartz's report—of which Plaintiff pleads no facts regarding its contents or Fort Osage's consideration of it.

The only allegations Plaintiff makes directly attributable to Fort Osage are: (1) Plaintiff's previously scheduled substitute teaching assignment was canceled and, (2) Fort Osage did not select Plaintiff for full time employment. (Doc. #1 at ¶ 63). But this is not enough to show that Fort Osage made "a deliberate choice . . . from among various alternatives" to not hire Plaintiff and cancel their substitute teaching assignment based on their use of gender neutral pronouns. Pembaur, 475 U.S. at 482. Instead, the Court must infer from the factual sequence of events that Schartz's report necessarily contained discussion regarding Plaintiff's use of gender neutral pronouns and that Fort Osage did not hire them for the full time position and canceled their substitute teaching assignment on this basis. But see Iqbal, 556 U.S. at 679 (factual allegations in the complaint insufficient to state a claim for relief where it does "not permit the [C]ourt to infer more than the mere possibility of misconduct[.]"). But, this inference requires the Court to impute facts not actually pled in the complaint. See Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) (conclusory allegations insufficient to defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). Accordingly, the complaint does not contain sufficient factual allegations for this Court from which the reasonable conclusion could be draw that municipal

9

liability could attach on this basis. Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (citations omitted). Therefore, because Counts III and IV are legally insufficient, the motion to dismiss is granted. Accordingly, it is hereby

ORDERED Fort Osage's motion to dismiss (Doc. #7) is GRANTED. Counts III, IV, and V are dismissed and Plaintiff's claims for declaratory relief, injunctive relief, and punitive damages are stricken from the complaint.

IT IS SO ORDERED.

DATE: August 21, 2023

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT